IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Sandy Hanebrink,                              )
                                              )
                    Plaintiff,                )        C.A. No. 8:08-74-HMH-BHH
                                              )
             vs.                              )        **OPINION & ORDER**
                                              )
Marcia Adams, in her official capacity,       )
as Acting Director of the South Carolina      )
Department of Motor Vehicles,                 )
                                              )
                    Defendant.                )


        This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b) and

Local Civil Rule 73.02 of the District of South Carolina.[1]  Sandy Hanebrink ("Hanebrink") seeks

prospective injunctive relief based on disability discrimination pursuant to the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.   The Defendant moves for summary

judgment.  In her Report and Recommendation, Magistrate Judge Hendricks recommends

granting the Defendant's motion for summary judgment.  Hanebrink has been granted two

extensions of time to file objections because she is severely ill and unable to assist her counsel

in the preparation of objections.  On July 31, 2009, Hanebrink filed a third motion for an

_____

[1] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  Mathews v. Weber, 423 U.S.
261, 270 (1976).  The court is charged with making a *de novo* determination of those portions of
the Report and Recommendation to which specific objection is made.  The court may accept,
reject, or modify, in whole or in part, the recommendation made by the magistrate judge or
recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

extension of time requesting an extension until August 31, 2009, to file objections because she remains severely ill.

On January 9, 2008, Hanebrink brought suit under the ADA. Hanebrink alleges disability discrimination by the Defendant because the Defendant's facilities are not compliant with the ADA. (Compl., generally.) Hanebrink resides in Anderson, South Carolina. She is a quadriplegic secondary to transverse myelitis requiring use of a wheelchair for mobility, and she also suffers from adrenal insufficiency, pan-hypo pituitary, hypo-thyroid, neurogenic bowel and bladder, autonomic dysreflexia, multiple allergies, autoimmune and autonomic nervous system dysfunction, and fatigue. (Pl. Mem. Opp'n Summ. J., Ex. 1 at 2.) Hanebrink submits that the Defendant's facilities located in Greenville, Anderson, Belton, and Seneca do not comply with the ADA and that she has been denied services at the Anderson facility and experienced numerous difficulties at the other facilities. (Id. 2-4.) Hanebrink seeks an injunction requiring that the Defendant bring its facilities into compliance with the ADA.

On September 9, 2008, the Defendant moved for summary judgment alleging in part that Hanebrink's ADA claim was moot because the Defendant has a comprehensive remediation plan in place to bring the facilities into compliance with the ADA. (Def. Mem. Supp. Summ. J. 7.) The magistrate judge recommends finding that this action is moot because the Defendant has completed a comprehensive remediation plan to make the facilities compliant with the ADA. (Report and Recommendation, generally.) The Defendant states in her memorandum that

> As established by Marshall Rock's affidavits, the DMV has extensive renovations underway for its Anderson and Seneca facilities which will bring them into full compliance with the ADA. Renovations at the Anderson facility, closest to Hanebrink's home, are scheduled to begin by the end of September 2008 and

renovations to the Seneca facility, 28.2 miles from Hanebrink's home, are almost complete.

The DMV is also in the process of vacating its current Greenville facility and transferring all of the services offered there to a new facility. The plans for the new Greenville facility call for it to be completely ADA compliant. The new Greenville facility is now scheduled to be complete and open to the public on October 13, 2008.

(Id. 8-9.) Hanebrink responded to the Defendant's motion for summary judgment on October 10, 2008, alleging in part that "[i]n this case the Defendant's admissions that it will correct its ADA violations do not moot the case, especially in light of the fact that the changes have not been made and the one attempted alteration was done incorrectly. Moreover, do we really know that the Defendant will follow through with its alterations without pressure from the Court." (Pl. Mem. Opp'n Summ. J. 19.)

With her response, Hanebrink submitted the affidavit of an expert witness, William B. Cody ("Cody"), who states that he has reviewed the "building plans" for the Greenville and Seneca facilities and opines that the facilities will not be ADA compliant. Cody's affidavit is somewhat confusing because it appears that Cody did not understand that the Greenville facility is a completely new facility. (Pl. Mem. Opp'n Summ. J. Ex. 2 (Cody Certification ¶ 6).) However, Cody raises other issues regarding the Seneca facility and notes that the Anderson and Belton facilities have not been addressed at all. (Id. Ex. 2 (Cody Certification, generally).) In addition, Hanebrink submitted an affidavit dated October 9, 2008, stating that the renovations are inadequate and incomplete. (Id. Ex. 7 (Hanebrink Aff., generally).) On November 7, 2008, Hanebrink submitted an affidavit listing numerous problems with the renovations at the new Greenville facility and noting that the Anderson and Seneca facilities have not been renovated.

(Pl.'s Mem. Opp'n Mot. Strike Ex. 1 (Hanebrink Aff., generally).) After several extensions of time, the Defendant replied on November 24, 2008, stating that

> [t]he former Laurens Road DMV facility in Greenville has been closed and all of the services previously offered at that facility have been moved, as of October 10, 2008, to the new, fully ADA-compliant, Greenville facility located at 300 University Ridge Road in Greenville. This new DMV facility is within 27.3 miles of Hanebrink's home. Renovations of the Seneca DMV facility, which is located 28.2 miles from Hanebrink's home, are complete, and that facility is now fully ADA-compliant. The complete accessibility of those two facilities further compels summary judgment in Defendant's favor.

(Def. Reply 1.) Further, the Defendant stated that there were "imminent plans to renovate the Anderson facility to make it fully accessible." (Id. 7.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Concentrated Phosphate Export Assn., 393 U.S. 199, 203 (1968). The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to recur lies with the party asserting mootness. Id. For voluntary cessation to render a case moot, two conditions must exist: "(1) it must be said with assurance that 'there is no reasonable expectation . . . that the alleged violation will recur . . . and (2) interim relief or events have completely eradicated the effects of the alleged violation." Jones v. Poindexter, 903 F.2d 1006, 1009 (4th Cir. 1990) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

Although final briefing on the summary judgment motion was complete on December 8, 2008, a Report and Recommendation was not issued until June 5, 2009, six months later. In the interim, additional remediation has been undertaken by the Defendant. There have been no additional filings updating the parties' positions regarding the renovations. Further, taking the facts in the light most favorable to Hanebrink, there remain genuine issues of material fact.

Therefore, the court denies the Defendant's motion for summary judgment. However, the court notes that the Defendant may well be entitled to summary judgment. As to the stale facts present before this court, there appear to be genuine issues of material fact regarding whether the Defendant's remediation is complete and compliant with the ADA. Therefore, summary judgment is denied with leave to refile with current evidence as to its position and to allow Hanebrink to obtain current evidence as to her position. If Hanebrink is unable to personally submit evidence, she will be required to rely on additional witnesses.

The magistrate judge did not address the Defendant's other grounds for summary judgment and the court finds that the current state of facts could be determinative of these other issues. Therefore, the court declines to consider the Defendant's other grounds until all the current facts are before this court.

Therefore, it is

**ORDERED** that the Defendant's motion for summary judgment, docket number 43, is denied with leave to refile within 30 days of the date of this order. It is further

**ORDERED** that Hanebrink's third motion for extension of time, docket number 98, is denied as moot.

**IT IS SO ORDERED**.

> s/Henry M. Herlong, Jr.
> Senior United States District Judge

Greenville, South Carolina
August 6, 2009